UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| L. RUTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16-cv-378-JRG-CHS |
| v. | ) |
| | ) |
| KAREN CALDWELL, | ) |
| UNITED STATES | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiff L. Ruther ("Plaintiff") [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court. I do not need to reach the question of whether Plaintiff is indigent, because I am recommending that the action be dismissed for the reasons explained below.

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that he is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss a complaint as to which an IFP application has been filed if the complaint is frivolous or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A district court also has the authority to dismiss a complaint on its own initiative for lack of subject matter jurisdiction. *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2005).

The pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the complaint filed by Plaintiff against Defendants Karen Caldwell and the United States consists of a random collection of stray words and phrases haphazardly thrown together in such a way as to defy comprehension. Beyond not stating a cognizable claim, the complaint is completely unintelligible and nonsensical [Doc. 2].[1] Even construing Plaintiff's complaint liberally (and, in fact, studying it assiduously in a vain attempt to divine its meaning), I find that the complaint does not state a legal claim upon which relief can be granted, nor does it state facts which would support a federal claim.

Accordingly, I **RECOMMEND** that Plaintiff's complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that this action be **DISMISSED** in its entirety.[2]

---

[1] In addition to this case, Plaintiff has commenced multiple seemingly meritless actions both recently (1:16-cv-381-TAV-SKL and 1:16-cv-314-CLC-SKL) and in the past (3:10-cv-318-TWP-CCS, 3:10-mc-00006, and 3:11-cv-370-TWP-CCS).

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2

**ENTER:**

                    s\ *Christopher H. Steger*
                    CHRISTOPHER H. STEGER
                    UNITED STATES MAGISTRATE JUDGE